**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Date of Arrest: October 18, 2024

| | |
|---|---|
| UNITED STATES OF AMERICA<br>          Plaintiff,<br><br>                    vs.<br><br>Edith Elizabeth Isabel RIVERA,<br>YOB: 1980<br>United States Citizen<br><br><br><br>Judy Margarita MENDOZA-Rivera,<br>YOB: 1998<br>United States Citizen<br><br><br><br>          Defendants. | ) Magistrate's Case No. **24-02539MJ**<br>)<br>) COMPLAINT FOR VIOLATION OF<br>) Title 8, United States Code,<br>) Sections 1324(a)(1)(A)(ii)  and<br>) (a)(1)(B)(ii)<br>) Transportation of an Illegal Alien<br>) Count One<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

COUNT ONE

On or about October 18, 2024, within the District of Arizona, Defendants Edith Elizabeth Isabel RIVERA and Judy Margarita MENDOZA-Rivera, knowingly and in reckless disregard of the fact that a certain alien, namely: Minor 1, had come to, entered, and remained in the United States in violation of law, did knowingly transport and move, and attempt to transport and move, said alien within the United States, by means of transportation and otherwise, in furtherance of such violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (a)(1)(B)(ii)(Felony).

//

//

//

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

Authorized by: AUSA Lisa E. Jennis for AUSA Chong-Ho Chung

*Francisco E. Parra*

_____

Francisco E. Parra
Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and subscribed in my presence, October 21, 2024, at Yuma, Arizona.

_____

The Honorable James F. Metcalf
United States Magistrate Judge

UNITED STATES OF AMERICA
v.
Edith Elizabeth Isabel RIVERA,

and Judy Margarita MENDOZA-Rivera.

**Statement of Facts**

I, Enforcement Officer Francisco E. Parra, with U.S. Customs and Border Protection, being duly sworn, do state the following:

1.   **Location**: Yuma County, Arizona

2.   **Underlying Facts**:

On October 18, 2024, at the San Luis, Arizona Port of Entry, defendants Edith Elizabeth Isabel RIVERA (RIVERA), a citizen of the United States, and Judy Margarita MENDOZA-Rivera (MENDOZA), presented themselves for inspection and entry via the primary vehicle lanes at the San Luis Port of Entry after leaving Mexico. RIVERA and MENDOZA were accompanied in their vehicle by a female relative who was a minor and a male who was also a minor (hereinafter Minor 1) in the back seat of the vehicle.

Upon inspection, RIVERA physically handed multiple documents to the primary inspection officer on behalf of all vehicle occupants.  RIVERA provided a U.S. passport card bearing her photograph and biographical information.  RIVERA also presented a valid U.S. passport card bearing the name of the minor female (who is her daughter), an Arizona identification card bearing the name of Judy Margarita MENDOZA-Rivera and an Arizona birth certificate bearing the name of a minor male with the first name of "Mario", which was later determined to belong to MENDOZA's son who was not Minor 1. During the examination, the Primary officer noticed multiple computer-generated alerts in relation to vehicle, RIVERA and MENDOZA for the suspicion of child smuggling at ports of entry. Primary inspection officer obtained a negative customs declaration from RIVERA and referred the vehicle and all its occupants to vehicle secondary for further examination.

Once in vehicle secondary inspection, a secondary officer conducted an inspection on RIVERA. RIVERA was asked her destination, to which RIVERA claimed she was heading back home to Yuma, Arizona.  RIVERA was asked about her relationship with

everyone in the vehicle, to which RIVERA stated she was traveling with her two daughters and her grandson. RIVERA stated the minor male (Minor 1) in the backseat of the vehicle was the son of her daughter, Judy Margarita MENDOZA-Rivera. Officers escorted all occupants inside the vehicle secondary office pending further investigation. Officers noticed computer generated alerts that showed RIVERA had a previous alien smuggling event. Officers asked Minor 1 to state his complete name, and he replied "Mario" but did not know his full name. Officers asked Minor 1 as to the location of his mother, to which he answered that he did not know where his mother was. Officers asked MENDOZA to show pictures of her son on her phone to establish a relationship and she stated she had a new phone and did not have pictures. Based on officer's experience and for the safety of Minor 1, MENDOZA was placed in handcuffs and separated from Minor 1. MENDOZA admitted that she was not the mother of the child. Minor 1 was asked if he had any contact information about his parents, and he proceeded to take a small note from the inside of his shoe that contained his father's phone number.

Minor 1, was determined not to be the person listed in the birth certificate as "Mario" and was identified as a citizen of Mexico with no documents that allowed him to enter, be, or remain in the United States. Minor 1 was processed administratively and was turned over to Mexican immigration authorities. Minor's father was contacted via telephone to notify him of his child's encounter and disposition.

During the administrative processing of Minor 1, officers discovered that Minor 1 and his five-year-old brother were taken to an unknown man's house. Minor 1 claimed that this unknown man took him to the women that were with him during the encounter. Minor 1 claimed he does not know where his little brother is because only he was dropped off with the women. Minor 1 stated he was instructed by both women to say that his name was Mario when asked.

3. **Defendant Rivera's Statements**

RIVERA was read her *Miranda* rights and agreed to be interviewed without a lawyer present. In a sworn statement, RIVERA admitted that she knew that Minor 1 had no documents that allowed him to enter or remain in the United States. RIVERA stated that her daughter, MENDOZA, was going to pay her $500 U.S. dollars to help her smuggle Minor 1 into the United States. RIVERA claims she did not agree at first but decided to remain silent and not tell the officers the truth. RIVERA claims that she

suspects her daughter has been smuggling on various occasions and claims she has made around $15,000 U.S. dollars in profit from smuggling.

**4.   Defendant Mendoza's Statements**

MENDOZA-Rivera was advised of her *Miranda* rights, which she acknowledged and invoked her right to remain silent.

**5.   AFFIRMATION**

To the best of my knowledge and belief, the following is a list of all CBP law enforcement personnel present during interviews, statements, and questioning of the Defendants and the smuggled alien in this matter, from initial contact to the writing of this document: Customs and Border Protection Officer (CBPO) V. Torres, CBPO E. Hernandez-Leon, CBPO J. Jaime, CBPO M. Ruiz, CBPO J. Espinoza, and CBPO Y. Mendoza.

Based on the foregoing, I submit there is probable cause to believe that Defendants, Edith Elizabeth Isabel RIVERA and Judy Margarita MENDOZA-Rivera committed the offense as alleged in the attached complaint.

*Francisco E. Parra*

_____

Francisco E. Parra
Enforcement Officer
U.S. Customs and Border Protection

Sworn to before me and subscribed in my presence, October 21, 2024, at Yuma, Arizona.

_____

James F. Metcalf
United States Magistrate Judge

U.S. v. Edith Elizabeth Isabel Rivera, et al.

**Weekend Probable Cause Statement**

I, Enforcement Officer Francisco E. Parra, being duty sworn, do state the following:

The complainant states that this complaint is based upon statements in investigative reports by Customs and Border Protections Officers that on October 18, 2024, Edith Elizabeth Isabel RIVERA and Judy Margarita MENDOZA-Rivera, knowingly and in reckless disregard of the fact that a certain alien, namely: Minor 1, had come to, entered, and remained in the United States in violation of law, did knowingly transport and move, and attempt to transport and move, said alien within the United States, by means of transportation and otherwise, in furtherance of such violation of law, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (1)(1)(B)(ii)(Felony).

On October 18, 2024, at the San Luis, Arizona Port of Entry, defendants Edith Elizabeth Isabel RIVERA (RIVERA), a citizen of the United States, and Judy Margarita MENDOZA-Rivera (MENDOZA), presented themselves for inspection and entry via the primary vehicle lanes at the San Luis Port of Entry after leaving Mexico. RIVERA and MENDOZA were accompanied in their vehicle by a female relative who was a minor and a male who was also a minor (hereinafter Minor 1) in the back seat of the vehicle.

1

U.S. v. Edith Elizabeth Isabel Rivera, et al.

Upon inspection, RIVERA physically handed multiple documents to the primary inspection officer on behalf of all vehicle occupants.  RIVERA provided a U.S. passport card bearing her photograph and biographical information.  RIVERA also presented a valid U.S. passport card bearing the name of the minor female (who is her daughter), an Arizona identification card bearing the name of Judy Margarita MENDOZA-Rivera and an Arizona birth certificate bearing the name of a minor male with the first name of "Mario", which was later determined to belong to MENDOZA's son who was not Minor 1. During the examination, the Primary officer noticed multiple computer-generated alerts in relation to vehicle, RIVERA and MENDOZA for the suspicion of child smuggling at ports of entry.  Primary inspection officer obtained a negative customs declaration from RIVERA and referred the vehicle and all its occupants to vehicle secondary for further examination.

Once in vehicle secondary inspection, a secondary officer conducted an inspection on RIVERA. RIVERA was asked her destination, to which RIVERA claimed she was heading back home to Yuma, Arizona. RIVERA was asked about her relationship with everyone in the vehicle, to which RIVERA stated she was traveling with her two daughters and her grandson. RIVERA stated the minor male (Minor 1) in the backseat of the vehicle was the son of her daughter, Judy Margarita MENDOZA-Rivera.  Officers escorted all occupants

2

U.S. v. Edith Elizabeth Isabel Rivera, et al.

inside the vehicle secondary office pending further investigation. Officers noticed computer generated alerts

that showed RIVERA had a previous alien smuggling event. Officers asked Minor 1 to state his complete name, and he replied "Mario" but did not know his full name.  Officers asked Minor 1 as to the location of his mother, to which he answered that he did not know where his mother was.  Officers asked MENDOZA to show pictures of her son on her phone to establish a relationship and she stated she had a new phone and did not have pictures.  Based on officer's experience and for the safety of Minor 1, MENDOZA was placed in handcuffs and separated from Minor 1.  MENDOZA admitted that she was not the mother of the child.  Minor 1 was asked if he had any contact information about his parents, and he proceeded to take a small note from the inside of his shoe that contained his father's phone number.

Minor 1, was determined not to be the person listed in the birth certificate as "Mario" and was identified as a citizen of Mexico with no documents that allowed him to enter, be, or remain in the United States.  Minor 1 was processed administratively and was turned over to Mexican immigration authorities. Minor's father was contacted via telephone to notify him of his child's encounter and disposition.

During the administrative processing of Minor 1, officers discovered that Minor 1 and his five-year-old brother were taken to an unknown man's house.  Minor 1 claimed that this unknown man took him to the women that were with him during

3

U.S. v. Edith Elizabeth Isabel Rivera, et al.

the encounter. Minor 1 claimed he does not know where his little brother is because only he was dropped off with the women.  Minor 1 stated he was instructed by both women to say that his name was Mario when asked.

**Defendant Rivera's Statements**

RIVERA was read her *Miranda* rights and agreed to be interviewed without a lawyer present. In a sworn statement, RIVERA admitted that she knew that Minor 1 had no documents that allowed him to enter or remain in the United States. RIVERA stated that her daughter, MENDOZA, was going to pay her $500 U.S. dollars to help her smuggle Minor 1 into the United States. RIVERA claims she did not agree at first but decided to remain silent and not tell the officers the truth. RIVERA claims that she suspects her daughter has been smuggling on various occasions and claims she has made around $15,000 U.S. dollars in profit from smuggling.

**Defendant Mendoza's Statements**

MENDOZA-Rivera was advised of her *Miranda* rights, which she acknowledged and invoked her right to remain silent.

**AFFIRMATION**

To the best of my knowledge and belief, the following is a list of all Customs and Border Protection law enforcement personnel present during interviews, statements, and questioning of the Defendants and the smuggled alien in this

4

U.S. v. Edith Elizabeth Isabel Rivera, et al.

matter, from initial contact to the writing of this document: Customs and Border Protection Officer (CBPO) V. Torres, CBPO E. Hernandez-Leon, CBPO J. Jaime, CBPO M. Ruiz, CBPO J. Espinoza, and CBPO Y. Mendoza.

Based on the foregoing, I submit there is probable cause to believe that Defendants, Edith Elizabeth Isabel RIVERA and Judy Margarita MENDOZA-Rivera committed the offense as alleged in the attached complaint.

Executed on: Date:     October 18, 2024          Time:    1549 hrs.

Signed:        *Francisco E. Parra*
               Francisco E. Parra, Enforcement Officer

## Finding of Probable Cause

On the basis of the facts presented in the foregoing Probable Cause Statement, consisting of five pages, I find probable cause to believe that the defendants named therein committed the offense on October 18, 2024, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and (a)(1)(B)(ii)(Felony).

Finding made on: Date  October 19, 2024

Time        0543   hours

Signed:_____
               James F. Metcalf
               United States Magistrate Judge

5